UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02936-CAS-ASx | Date | May 8, 2014 |
|---|---|---|---|
| Title | ROYALTY AMBULANCE SERVICES, INC. V. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant | |
| n/a | | n/a | |

**Proceedings:** (In Chambers:) PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Dkt. #9, filed April 25, 2014)

(In Chambers:) ORDER PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION (Dkt. #22, filed May 6, 2014)

## I. INTRODUCTION

Plaintiff Royalty Ambulance Services, Inc. filed this action on April 16, 2014, against defendants Department of Health and Human Services (the "Department"), the Secretary of Health and Human Services (the "Secretary"), the Centers for Medicare & Medicaid Services ("CMS"), the Chief Operating Officer of the Centers for Medicare & Medicaid Services, and Noridian Healthcare Solutions ("Noridian"). Dkt. #1. The complaint seeks declaratory and injunctive relief. Id.

Plaintiff filed an ex parte application for a temporary restraining order on April 25, 2014. Dkt. #9. No opposition has been filed. By order dated April 29, 2014, the Court reserved ruling on plaintiff's application for a temporary restraining order, and ordered plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. #11. Plaintiff responded to the order to show cause on May 6, 2014. Dkt. #22. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02936-CAS-ASx | Date | May 8, 2014 |
|---|---|---|---|
| Title | ROYALTY AMBULANCE SERVICES, INC. V. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL. | | |

**II.   PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE**

The original complaint in this action alleged that this Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 702, which is a provision of the Administrative Procedure Act ("APA"). In the order to show cause, the Court stated that the APA does "not provide an independent jurisdictional grant." Charles A. Wright & Arthur R. Miller, 14 Fed. Practice & Procedure, Juris. § 3655 (3d ed.); see also Califano v. Sanders, 430 U.S. 99, 105-06 (1977). Thus, the complaint did not sufficiently allege subject matter jurisdiction because it did not appear "on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Plaintiff appends a proposed amended complaint to its response to the order to show cause, which asserts that 28 U.S.C. § 1331 is the basis for this Court's subject matter jurisdiction over this action. The proposed amended complaint appears to correct the deficiency identified by the Court in its order to show cause. See Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 56 (1993) (quoting Califano, 430 U.S. at 105) (explaining that 28 U.S.C. § 1331, and not the APA, "confer[s] jurisdiction on federal courts to review agency action"). Plaintiff requests leave to file this proposed amended complaint. That request is hereby GRANTED.

**III.   PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

   **A.   Background**

In brief, plaintiff asserts that it is an ambulance service company that is permitted to operate in Los Angeles County and Orange County, and has contracts for services with multiple hospitals in those counties. Sarkisyan Decl. ¶ 3. Plaintiff further asserts that it has been enrolled in Medicare Part B as a provider of ambulance services since on or about May 1, 2009. Id. ¶ 4. Plaintiff avers that all bills for services that it provided under Medicare were reviewed and approved by CMS through its billing contractor. Id. ¶ 5. Noridian served as that billing contractor beginning in October 2013. Id.

Plaintiff states that it operated continuously as a provider of ambulance services to Medicare patients from May 2009 to February 2014. Id. ¶ 6. Plaintiff asserts that, during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02936-CAS-ASx | Date | May 8, 2014 |
|---|---|---|---|
| Title | ROYALTY AMBULANCE SERVICES, INC. V. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL. | | |

this period, services provided to patients covered by Medicare "made up over 90% of [its] total billing." Id.

Plaintiff states that it received a letter from Noridian on March 6, 2014, stating that its "Medicare privileges [were] being revoked effective January 17, 2014." Id., Ex. 2. The March 6, 2014 letter states that plaintiff's privileges are being revoked pursuant to 42 C.F.R. 424.535(a)(1) based on information that plaintiff conducted business in these counties without the "proper ambulance permits." Id., Ex. 2. According to the letter, the determination that plaintiff was operating without proper permits was based on information received from the San Bernardino and Riverside County EMS agencies, as well as Noridian's review of plaintiff's claims data. Id. Plaintiff contends that a review of its own records shows that "all services provided originated in either Los Angeles or Orange [C]ounties." Id. ¶ 10. Additionally, plaintiff states that "neither county has provided any documentation of a service pick-up by [plainitff] which occurred within either Riverside County or San Bernardino County." Id. ¶ 12. Rather, San Bernardino County has stated that it was informed via an anonymous letter that plaintiff performed an unauthorized pick-up within its boundaries. Id. Riverside County has stated that it was led to believe that plaintiff performed unauthorized services based on "information that was received from [CMS]." Id., Ex. 6.

Plaintiff states that it appealed the revocation of its Medicare billing privileges, but no decision has yet been received.[1] Id. ¶ 14. Plaintiff avers that it continues to provide services to patients covered by Medicare in order to maintain its relationships with its clients, but has been unable to bill and collect payment for these services due to the revocation of its billing privileges. Id. ¶ 17. Plaintiff states that, since March 6, 2014, it has provided services valued at $140,000 to patients covered by Medicare. Id. According to plaintiff, it has continued to provide these services in order to "maintain its business relationship with its clients." Id. Plaintiff asserts that, if its enrollment in Medicare Part B is not restored, it will be forced to cease operations altogether, it will lose its clients, and its reputation will be damaged. Id. ¶ 18.

---

[1] Plaintiff does not provide any further information or documentation regarding this appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02936-CAS-ASx | Date | May 8, 2014 |
|---|---|---|---|
| Title | ROYALTY AMBULANCE SERVICES, INC. V. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL. | | |

**B.    Legal Standard**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 & fn.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 375 (2008). The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

**C.    Discussion**

Plaintiff requests that this Court issue a temporary restraining order compelling defendants to reinstate plaintiff's enrollment in Medicare Part B, and to have that reinstatement be retroactively effective as of January 17, 2014. App. TRO at 8-9. Plaintiff further requests that the Court restrain defendants from revoking plaintiff's status as a Medicare Part B service provider. Id. Finally, plaintiff requests that the Court order defendants to pay all unpaid bills that plaintiff has submitted for services from February 28, 2014, to the present. Id. Plaintiff seeks this relief on the grounds that defendants' revocation of its status as an authorized service provider under Medicare Part

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02936-CAS-ASx | Date | May 8, 2014 |
|---|---|---|---|
| Title | ROYALTY AMBULANCE SERVICES, INC. V. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL. | | |

B was done arbitrarily.[2] For the reasons set forth below, the Court finds that plaintiff has not set forth good cause for the issuance of a temporary restraining order.

      1.      Irreparable Harm

Plaintiff argues that it will suffer irreparable harm if a temporary restraining order does not issue because an imminent danger exists that plaintiff will have to close its business. Plaintiff filed this action on April 16, 2014, approximately six weeks after its Medicare billing privileges were revoked. Additionally, it did not file the present application for a temporary restraining order until April 25, 2014, almost ten days later. This delay "suggest[s] that a lack of urgency exists," and therefore negates plaintiff's assertion of irreparable harm. Cf. Hansen Beverage Co. v. Vital Pharmaceutical, Inc., 2008 WL 5427601, at *6 (S.D. Cal. Dec. 30, 2008) ("Delays in requesting an injunction, whether for months or years, tend to negate a claim of irreparable harm."). Accordingly, the Court finds that plaintiff has not made the requisite showing of irreparable harm that would justify the issuance of a temporary restraining order. See Jones v. HSBC (USA), 844 F. Supp. 2d 1099, 1100 (S. D. Cal. 2012) ("The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held.").

      2.      Balance of the Equities

The Court also finds that, at this stage, the balance of the equities favors defendants because the relief sought by plaintiff does not aim to preserve the status quo. See Chalk v. United States Dist. Court. Cent. Dist. of Cal., 840 F.2d 701, 704 (9th Cir. 1988). In this regard, plaintiff is not currently an authorized service provider under Medicare Part B. The relief sought by plaintiff seeks to change that by requiring defendants to take the

---

[2] Plaintiff contends that its billing privileges were revoked pursuant to 42 C.F.R. § 424.535(a)(1), which states, in relevant part, that CMS may "revoke a currently enrolled provider or supplier's Medicare billing privileges and any corresponding provider agreement . . . [if] the provider or supplier is determined not to be in compliance with the enrollment requirements described in this section, or in the enrollment application applicable for its provider or supplier type."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02936-CAS-ASx | Date | May 8, 2014 |
|---|---|---|---|
| Title | ROYALTY AMBULANCE SERVICES, INC. V. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL. | | |

affirmative step of reinstating plaintiff as a service provider under Medicare Part B. This type of relief, which is in the nature of a mandatory injunction, is "particularly disfavored," Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1319-20 (9th Cir. 1994), and the standard for imposing such relief is "much higher than for a prohibitory injunction," Thousand Oaks City v. Verizon Media, 2002 WL 987910, at *9 (C.D. Cal. May 15, 2002), reversed on other grounds by City of Thousand Oaks v. Verizon Media Ventures, Inc., 69 Fed. Appx. 826, 827 (9th Cir. 2003). Accordingly, the Court declines to provide mandatory relief in the absence of further briefing and argument.

**V.     CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS plaintiff's request for leave to file its proposed amended complaint.

The Court hereby DENIES plaintiff's application for a temporary restraining order.

Defendants are hereby ORDERED TO SHOW CAUSE on **Friday, June 13, 2014, at 10:30 am** in Courtroom 5 of this Court, located at 312 North Spring Street, Los Angeles, CA 90012 why a preliminary injunction should not issue: (1) reinstating plaintiff's enrollment as a Medicare Part B service provider effective January 17, 2014; (2) enjoining defendants from revoking plaintiff's enrollment as a Medicare Part B service provider; (3) ordering defendants to pay all unpaid bills for services submitted by plaintiff between February 28, 2014, and the date of the injunction; and (4) ordering defendants to continue to pay all bills submitted by plaintiff for services after the date of the injunction.[3]

---

[3] Regarding items 3 and 4, plaintiff's application is ambiguous as to whether it is seeking an injunction requiring defendants to pay all unpaid bills submitted by plaintiff for services rendered on or after February 28, 2014, or whether plaintiff is seeking an injunction requiring defendants to pay all unpaid bills submitted on or after February 28, 2014. Plaintiff is directed to clarify this ambiguity in its reply brief, if one is filed, or at the hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02936-CAS-ASx | Date | May 8, 2014 |
|---|---|---|---|
| Title | ROYALTY AMBULANCE SERVICES, INC. V. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL. | | |

Defendants' response shall be due on or before **May 30, 2014**, and plaintiff's reply, if any, shall be due on or before **June 6, 2014**.

Plaintiff is directed to serve this order on defendants no later than **Friday, May 16, 2014**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RGN | | |